UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x
K. DOE, R. DOE,

                Plaintiffs,

        - against –

STATE OF NEW YORK, et al.,

                Defendants.
--------------------------------------------------------------------- x

**MEMORANDUM & ORDER**

10 CV 1792 (RJD)(VVP)

DEARIE, District Judge.

On April 22, 2010, plaintiffs K.Doe and R.Doe commenced this action bringing an assortment of federal and state law claims against state defendants. On September 28, 2012, this Court dismissed plaintiffs' state law claims against Department of Correctional Services ("DOCS") officers in their individual capacities for lack of subject matter jurisdiction. Doe v. State of New York, No. 10 CV 1792(RJD)(VVP), 2012 WL 4503409, at *7-8 (E.D.N.Y. Sept. 28, 2012). Plaintiffs now move for reconsideration, arguing that the Court overlooked Haywood v. Drown et al., 556 U.S. 729 (2009), a Supreme Court case holding that New York Correction Law § 24 violates the Supremacy Clause. But plaintiffs misinterpret Haywood, which was expressly limited to Section 1983 claims and has no effect on state law claims. Accordingly, plaintiffs' motion for reconsideration is denied.

## DISCUSSION

Motions for reconsideration in this district are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3 of the Southern and Eastern Districts of New York. See generally United States v. James, No. 02 CV 0778(SJ), 2007 WL 914242, at *3 (E.D.N.Y. Mar. 21, 2007). "The decision to grant or deny a motion for reconsideration is within

the sound discretion of the district court, and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Macrae v. Norton, 2012 WL 1744849, at *1 (E.D.N.Y. 2012) (Matsumoto, J.) (quoting Mangino v. Inc. Vil. Of Patchogue, 814 F.Supp.2d 242, 247 (E.D.N.Y. 2011) (Bianco, J.) (internal quotations omitted). "A motion for reconsideration may be granted upon (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Markel American Ins. Co. v. Linhart, 2012 WL 5879107 (E.D.N.Y. 2012) (Feuerstein, J.) (quoting Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 35, 52 (2d Cir. 2012). It is "not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal." Gibson v. Comm'r of Mental Health, No. 04 Civ. 4350(SAS), 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009) (Scheindlin, J.) (internal citations and quotation marks omitted).

Plaintiffs may have overlooked the Supreme Court's decision in Haywood in responding to defendants' motion to dismiss. 556 U.S. 729 (2009). This Court, however, did not. Relying on Ierardi v. Sisco, 119 F.3d 183, 186 (2d Cir. 1997) and New York Correction Law § 24, we dismissed plaintiff's *state law* claims against the DOCS officers in their individual capacities for lack of subject matter jurisdiction. Plaintiffs argue that Ierardi is no longer good law in the wake of the Supreme Court's decision in Haywood v. Drown et al. We disagree.

2

Section 24 of New York Correction Law precludes inmates from bringing civil suits against corrections officers in their personal capacities in state courts. In Haywood v. Drown, et al., the Supreme Court held that the statute is inconsistent with the Supremacy Clause to the extent that it relegates federal civil rights claims pursuant to 42 U.S.C. §1983 to the New York State Court of Claims. The Court explained that New York State, having created courts of general jurisdiction that routinely hear Section 1983 actions against all types of state actors, "is not at liberty to shut the courthouse door to *federal claims* that it considers at odds with its local policy." Id. at 2117 (emphasis added) (footnote omitted). But, of course, New York State is free to limit the jurisdiction of its own courts with respect to New York law without triggering the Supremacy Clause. See id. at 2114 (". . . States retain substantial leeway to establish the contours of their judicial systems."); Howlett By and Through Howlett v. Rose, 496 U.S. 356, 372 (1990) ("The general rule, bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them. . . The States thus have great latitude to establish the structure and jurisdiction of their own courts.") (internal quotes and citations omitted). Indeed, other courts have already recognized this limitation of Haywood. See, e.g., Lewis v. Turco, et al., 2011 WL 1044511 (W.D.N.Y. 2011); Joy v. State of New York, 2010 WL 3909684 (N.D.N.Y. 2010) (citing other district court cases).

Finally, we decline to exercise pendant jurisdiction over plaintiffs' state law claims. "If a state would not recognize a plaintiff's right to bring a state claim in state court, a federal court exercising pendant jurisdiction . . . must follow the state's jurisdictional determination and not allow the claim to be appended to a federal law claim in federal court."). Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996).

For all of the foregoing reasons, defendants' motion for reconsideration is denied.

SO ORDERED.

Dated: Brooklyn, New York
March 5, 2013

/s/ Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge